**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**JUDY GIROUARD and JACOB TAYLOR,**

        **Plaintiffs,**

**-vs-**                                            **Case No. 6:11-cv-1032-Orl-28DAB**

**CITY OF PALM BAY, FLORIDA,**

        **Defendant.**

_____

# ORDER

This cause is before the Court on the Motion to Dismiss (Doc. 12) filed by Defendant, the City of Palm Bay. Plaintiffs have filed a Response (Doc. 14) in opposition to the motion, and it is ripe for ruling.

Plaintiffs bring six claims in their Complaint—one federal claim and five state law claims. The federal claim alleges, pursuant to 42 U.S.C. § 1983, a violation of Plaintiff's due process rights under the Fourteenth Amendment to the U.S. Constitution. This claim, like the state law claims, arises from an incident wherein Plaintiffs summoned City police officers to their home because the estranged husband of one the Plaintiffs—against whom that Plaintiff had obtained an injunction barring him from the home—was at the residence attempting to burn it down by turning on all the burners on the stove. According to the allegations of the Complaint, the police arrived and ordered Plaintiffs to leave the premises for an hour. Plaintiffs did so, and when they returned to the house they found that the "home and its contents had been burned to a smoldering ruin." (Doc. 1 ¶ 22). Plaintiffs assert in

Count I that "[t]he City violated Plaintiffs' rights to due process by ejecting Plaintiffs from their home and by allowing [the estranged husband] to possess and burn down the home." (Id. ¶ 32).

In moving to dismiss the due process count, the City asserts in part that Plaintiffs have not specified whether they are alleging a procedural due process claim or a substantive due process claim. (Doc. 12 at 3). Although the Complaint does label the count as a "procedural due process" claim, (Doc. 1 at 1), Plaintiffs respond that they are asserting both types of due process violations. However, the facts alleged do not plausibly state a cause of action under either of these components of the Due Process Clause.

"A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief.'" Fed. R. Civ. P. 8(a)(2). "'[D]etailed factual allegations'" are not required, but "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 570). In considering a motion to dismiss brought under Federal Rule of Civil Procedure 12(b)(6), a court limits its "consideration to the well-pleaded factual allegations, documents central to or referenced in the complaint, and matters judicially noticed." LaGrasta v. First Union Sec., Inc., 358 F.3d 840, 845 (11th Cir. 2004).

Plaintiffs have cited no cases supporting a finding of a due process violation under similar circumstances, and Plaintiffs' theory is not supported by controlling case law. As the

Supreme Court has explained, "nothing in the language of the Due Process Clause itself requires the State to protect the life, liberty, and property of its citizens against invasion by private actors." DeShaney v. Winnebago Cnty. Dep't of Soc. Servs., 489 U.S. 189, 195 (1989). "The Clause is phrased as a limitation on the State's power to act, not as a guarantee of certain minimal levels of safety and security. It forbids the State itself to deprive individuals of life, liberty, or property without 'due process of law,' but its language cannot fairly be extended to impose an affirmative obligation on the State to ensure that those interests do not come to harm through other means." Id. The purpose of the Clause is "to protect the people from the State, not to ensure that the State protect[s] them from each other." Id. at 196. The Clause "does not transform every tort committed by a state actor into a constitutional violation." Id. at 202.

Plaintiffs seem to attempt to allege "special relationship" and "special danger" theories of due process liability, (see Doc. 1 ¶¶ 25 & 26), but those theories are no longer viable in the Eleventh Circuit. See, e.g., Vaughn v. City of Athens, 176 F. App'x 974, 976 n.1 (11th Cir. 2006) (noting invalidity of these theories and citing cases). Moreover, Plaintiffs' allegations of a special relationship and increase in danger are insufficient to state a claim under those theories in any event. Finally, the Complaint's allegations are not sufficient to state a basis for municipal liability under 42 U.S.C. § 1983.

Because the due process count is the only federal claim, it provides the only basis for this Court's original jurisdiction over this case. Pursuant to 28 U.S.C. § 1367(c), the Court declines to exercise supplemental jurisdiction over the remaining state law claims. Thus, the motion to dismiss need not be addressed insofar as it pertains to those claims.

Accordingly, it is **ORDERED** and **ADJUDGED** as follows:

1. The Motion to Dismiss (Doc. 12) filed by Defendant is **GRANTED** as to Count I and **DENIED without prejudice** as to the other counts of the Complaint. Count I is **DISMISSED with prejudice**.

2. Supplemental jurisdiction over Plaintiffs' state law claims in Counts II, III, IV, V, and VI is **DECLINED**, and these claims are **DISMISSED without prejudice**. In accordance with 28 U.S.C. § 1367(d), the period of limitations for the state law claims is tolled for thirty days from the date of this Order unless Florida law provides for a longer tolling period.

3. The Clerk shall close this file.

**DONE** and **ORDERED** in Orlando, Florida this 9th day of November, 2011.

_____
JOHN ANTOON II
United States District Judge

Copies furnished to:
Counsel of Record